

BRYAN CAVE LEIGHTON PAISNER LLP
Three Embarcadero Center
7th Floor
San Francisco CA 94111 4070
T: +1 415 675 3400
F: +1 415 675 3434
bclplaw.com

April 17, 2023

Roger R. Myers
Partner
Direct: +1 415 268 1955
Fax: +1 415 430 4355
roger.myers@bclplaw.com

**VIA ECF**

Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

**Re: Courthouse News Service v. Gabel, No. 21-3098**

Dear Ms. Wolfe:

All Appellants' April 13 letter clarifies is (1) their evidence remains too meager to carry their burden of showing "access may be delayed if the restrictions on access satisfy constitutional scrutiny under the second step of the *Press-Enterprise II* analytical framework," *CNS v. N.M Admin. Office of Cts*, 53 F.4th 1245, 1268 (10th Cir. 2022),[1] and (2) the district court in *CNS v. Cozine* is likely to reject the magistrate's erroneous findings.

"When the Government defends a regulation on speech as a means to … prevent anticipated harms, it must do more than simply 'posit the existence of the disease sought to be cured.'" *Turner Broadcasting Sys. v. FCC*, 512 U.S. 622, 664 (1994). When it "contends that prior review is necessary to ensure that confidential information is not inadvertently released to the public," a "few articles" or examples, without more, do "not demonstrate[] that the asserted harms are real, rather than conjectural." *Harman v. City of N.Y.*, 140 F.3d 111, 121-23 (2d Cir. 1998); *Wollschlaefer v. Governor*, 848 F.3d 1293, 1312 (11th Cir. 2017) ("six anecdotes" not "sufficient to demonstrate harms that are 'real, [and] not merely conjectural'") (quoting *Turner*).

Consequently, Appellants' reliance on *Cozine* fails. Their claim that clerk review caught three nonpublic filings both overlooks it was three exhibits to ***two*** complaints (out of 4,156), A525, and remains less than what the magistrate ***thought*** the percentage was in *Cozine*.

[1] This is the scrutiny applied below and in *CNS v. Planet*, 947 F.3d 581, 596 (9th Cir. 2020). That the Ninth Circuit called it "rigorous, but not strict, scrutiny," *id.*, and this Circuit calls it strict, is a semantic distinction without a substantive difference.



The magistrate's mathematical error undercuts her findings. ***Based on her math***, the percentage of nonpublic filings caught by clerks was ***four times higher*** than Vermont, which made her findings appear consistent with the ruling here. To the contrary, the "very rare" instances of review finding nonpublic filings, *Cozine* at 6, explains why federal and other states' courts in this Circuit do not deny access once complaints cross the virtual counter until after clerical review.

Respectfully submitted,

*/s/ Roger Myers*

Roger Myers

cc: All counsel of record (*via ECF*)